UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jouquin C.S.,                                Civil No. 26-1438 (DWF/DJF)

           Petitioner,

v.

Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*,            MEMORANDUM OPINION AND ORDER

           Respondents.

## INTRODUCTION

This matter is before the Court on Petitioner Jouquin C.S.'s petition for a writ of habeas corpus (the "Petition"). (Doc. No. 1.) Respondents filed a response asserting authority to detain Petitioner under 8 U.S.C. § 1225(b)(2). (Doc. No. 6.) For the reasons set forth below, the Court grants the Petition and orders Respondents to release Petitioner immediately.

## BACKGROUND

Petitioner is a citizen of Mexico and resident of Inver Grove Heights, Minnesota. (Doc. No. 1 ¶¶ 7, 12.) He has lived in the United States since March 1997. (*Id.* ¶ 12.) He has four children who are U.S. citizens and live in Bloomington, Minnesota. (*Id.* ¶ 14.) In April 2024, an immigration judge dismissed Petitioner's removal proceedings,

so he does not have a final order of removal.  (*Id.* ¶ 13.)  U.S. Immigration and Customs Enforcement ("ICE") agents arrested Petitioner while he was leaving his home on February 12, 2026.  (*Id.* ¶ 15.)  He was brought to the Whipple Federal Building that morning then quickly transferred that evening to a detention center in El Paso, Texas.[1]  (*Id.* ¶ 7.)  Petitioner has since been transferred back to Minnesota and is currently detained at the Sherburne County Jail.[2]  *See Online Detainee Locator System*, U.S. Immigr. & Customs Enf't, https://locator.ice.gov/odls/#/search (last visited Feb. 20, 2026).

Petitioner filed the Petition on February 14, 2026.  (Doc. No. 1 at 19.)  He asserts that his detention is unlawful under the Due Process Clause of the Fifth Amendment, the Immigration and Nationality Act, and the Administrative Procedure Act.  (*Id.* ¶¶ 31-47.)

---

[1]   Judge Nancy E. Brasel entered a Temporary Restraining Order on February 12, 2026, at 5:00 p.m. in *Advocates for Human Rights v. U.S. Department of Homeland Security* (the "TRO").  No. 26-cv-749, 2026 WL 404457 (D. Minn. Feb. 12, 2026).  Based on Petitioner's allegation that he was transferred to Texas on the evening of February 12, 2026, it appears that Respondents violated the TRO.

[2]   Petitioner was in Texas when the Petition was filed.  Respondents do not challenge the Court's jurisdiction to hear this Petition (*see* Doc. No. 6) and indeed have returned Petitioner to Minnesota as ordered by the Court on February 14, 2026.  Therefore, the issue is waived or otherwise moot.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 451-52 (2004) (Kennedy, J., concurring) (explaining that "the question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue" and that objections to the filing location can be waived); *Mathena v. United States*, 577 F.3d 943, 946 n.3 (8th Cir. 2009) (discussing waiver of challenges to the filing location of a habeas petition); *see also Edita M.S.C. v. Noem*, No. 26-cv-650, 2026 WL 252545, at *1 (D. Minn. Jan. 30, 2026) (denying a motion to dismiss for lack of jurisdiction because the petitioner was transferred back to Minnesota and requiring the petitioner to refile her petition would have been a waste of judicial resources).

Petitioner asks the Court to order his immediate release or, alternatively, require Respondents to hold a bond hearing. (*Id.* at 18.) Respondents timely filed a response. (Doc. No. 6.)

## DISCUSSION

A district court may provide habeas relief to a person who is being detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). That authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900-01 (D. Minn. 2020). The burden is on the petitioner to prove illegal detention by a preponderance of the evidence. *See Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and point the Court to their arguments in a pending Eighth Circuit case: *Avila v. Bondi*, No. 25-3248. (Doc. No. 6.) As this Court has explained on multiple occasions, Respondents' interpretation of § 1225 contradicts the plain language of the statute. *See Jose L.M.S. v. Bondi*, No. 26-cv-474, 2026 WL 185066, at *2 (D. Minn. Jan. 25, 2026); *Omar E.F.G. v. Bondi*, No. 26-cv-451, 2026 WL 184571, at *2 (D. Minn. Jan. 23, 2026); *Victor S.M. v. Noem*, No. 26-cv-400, 2026 WL 161445, at *2 (D. Minn. Jan. 21, 2026). Section 1225 applies to "applicants for admission"—noncitizens who are either "present in the United States who ha[ve] not been admitted or who arrive[] in the United States." 8 U.S.C. § 1225(a)(1). Section 1226 applies where § 1225 is

3

inapplicable and provides immigration judges with the discretion to grant release on bond to noncitizens subject to removal proceedings. *See id.* § 1226(a).

Here, Petitioner is not an arriving noncitizen because he has been in the United States for nearly twenty-nine years. *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (noting that § 1226(a) applies to "certain aliens already in the country"). Petitioner is therefore subject to the discretionary bond provisions of § 1226(a), not the mandatory bond provisions of § 1225(b)(2).

Having found that Petitioner is being detained unlawfully, the question becomes the correct remedy. A detainee being held pursuant to § 1226(a), as Petitioner is here, must have been served an arrest warrant prior to detention. 8 U.S.C. § 1226(a); *see also Ahmed M. v. Bondi*, No. 25-cv-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases). Respondents assert that Petitioner was lawfully served an arrest warrant prior to arrest and attached a Form I-200, an arrest warrant form used frequently by ICE.[3] (*See* Doc. No. 6-1.) Petitioner counters that the warrant is invalid because there is no information about the signing officer and time of signature, the reported location of service is not where Petitioner was actually arrested, and this type of warrant can only be used after a notice to appear has been issued. (Doc. No. 7 at 6-10.)

---

[3]   Respondents also attached a Form I-213 dated January 10, 2017, to their response without any explanation of how the form provides a legal basis for Petitioner's continued detention. (Doc. No. 6-2.) As explained above, Petitioner's removal proceedings were dismissed in May 2024.

4

While a Form I-200 can be a valid arrest warrant under 8 U.S.C. § 1226(a), this one is not. A Form I-200 can only be used to make an arrest at the time of or after the issuance of a notice to appear in immigration proceedings. 8 C.F.R. § 236.1(b) (2026). Petitioner's previous removal proceedings were cancelled in May 2024. Respondents have not shown that a new notice to appear was issued. Respondents were given the opportunity to explain the true cause of Petitioner's detention and provide all relevant documentation (*see* Doc. No. 4), but they did not do so (*see* Doc. No. 6). They merely attached the Form I-200 without any additional information.

Furthermore, Respondents did not provide any information about the officer that signed the warrant or when the warrant was signed. These insufficiencies are critical and prevent the Court from determining that the warrant is valid. *See, e.g.*, *Enyer O.L. v. Bondi*, No. 26-cv-1078, at 7 (D. Minn. Feb. 15, 2026) ("Aside from the Form I-200, there were no accompanying exhibits, supporting documents, or attached affidavits/declarations that establish when the warrant was created, what evidence formed the basis for its issuance, or how and when it was served.") Without more, the Court must conclude that this arrest warrant is invalid. Therefore, Petitioner was not lawfully arrested under 8 U.S.C. § 1226. *See, e.g.*, *Alberto C.M. v. Noem*, No. 26-cv-580, 2026 WL 184530, at *2 (D. Minn. Jan. 23, 2026) (concluding respondents did not have the authority to detain the petitioner under § 1226 where a Form I-200 was invalid). The Court grants the Petition and orders Respondents to release Petitioner immediately.

**ORDER**

Based on the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Petitioner's petition for writ of habeas corpus (Doc. No. [1]) is **GRANTED**.

2. The Court **DECLARES** that Petitioner's current detention is unlawful under the Constitution and laws of the United States.

3. Respondents are **ORDERED** to release Petitioner from custody immediately.

4. Within three (3) days of the date of this Order, Respondents shall provide the Court with a status update confirming Petitioner's release.

5. Respondents are directed to release Petitioner:

    a. In Minnesota;

    b. With all personal documents and belongings, such as his driver's license, passport, other immigration documents, and cell phone;

    c. Without any conditions on release, including but not limited to requiring Petitioner to sign an "Order of Release on Recognizance" or requiring Petitioner to enroll in and complete an "Alternatives to Detention" program;

    d. Without any tracking devices or use of a tracking application; and

    e. With all clothing and outerwear he was wearing at the time of detention, or other proper winter attire.

6. Respondents shall provide reasonable advance notice to counsel to arrange for a safe release of Petitioner.

7. Respondents are **ENJOINED** from re-detaining Petitioner under this same statutory theory, absent materially changed circumstances.

8. Within thirty (30) days of final judgment in this action, Petitioner may move to recover attorneys' fees and costs under the Equal Access to Justice Act.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 20, 2026      s/Donovan W. Frank
                              DONOVAN W. FRANK
                              United States District Judge